IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EAZYPOWER CORPORATION an Illinois corporation, | ) ) ) | |
| Plaintiff, | ) ) | No. 04 C 6372 |
| v. | ) ) ) | |
| JORE CORPORATION, a Montana corporation, | ) ) ) ) | Judge Zagel Magistrate Judge Levin |
| Defendant. | ) | |

**PLAINTIFF'S MOTION TO EXTEND DISCOVERY AND OTHER TIME LIMITS**

Plaintiff, Eazypower Corporation ("Eazypower"), by its undersigned counsel, and pursuant to Federal Rule of Civil Procedure 6(b), seeks to enlarge the period for the completion of discovery and related aspects of the existing scheduling order. In support of this Motion, Eazypower and the undersigned state:

1. This Motion is necessitated by four significant circumstances: (1) a near-fatal boating accident that injured the undersigned's wife in late June, and which caused immense hardship on the undersigned and delay in the undersigned's law practice this summer; (2) a jury trial set final for trial on January 9, 2006 in a 1998 case pending in the Circuit Court of Cook County, in which the undersigned is lead trial counsel and Eazypower is a defendant and counter-plaintiff, and which is anticipated to proceed for approximately four weeks; (3) certain delays by defendant/counter-plaintiff, Jore Corporation, in responding to existing and initiating its own written discovery; and (4) Eazypower's undisclosed expert witness having a case recently set for trial, for which he is solely responsible, commencing November 1, 2004, rendering him unavailable to assist Eazypower as to certain issues subject to key deadlines in this

case. In addition, Eazypower has just this week received correspondence from Jore that raises certain settlement and related patent infringement and non-infringement issues, and which warrants exploration by the parties, but which will take additional time, and which adds to the scope of issues which have heretofore been set forth in discovery.

2. This case involves U.S. Patent No. 4,876,929, entitled "Portable Screw Driver Having Flexible Extension Shaft," which is owned by Eazypower (the " '929 Patent"). At issue in this case is the alleged infringement by Jore of the '929 Patent, and Jore's contentions that a device which it manufactures, the Jore "Flex Shaft," does not infringe the '929 Patent and that the '929 Patent is otherwise invalid. The '929 Patent generally involves a flexible extension device to hold power tool bits for use in rotary driven equipment, such as a cordless screwdriver or power drill.

3. On March 30, 2005, the Court issued a minute order adopting a proposed Stipulation and Scheduling Order Setting Pre-Trial Discovery Schedule and Trial Date (the "Scheduling Order"), and setting a status hearing for October 12, 2005, at 10:00 am. A copy of the Court's minute order and the Scheduling Order is attached as Exhibit A. Notably, oral discovery is to close on November 18, additional parties are to be added by that date, Eazypower is to submit an opening claim construction brief on or before November 4, and Jore is to file a responsive claim construction brief by December 7. The other Scheduling Order deadlines take this case into mid-2006.

4. Pursuant to the Scheduling Order, Eazypower on May 25, 2005, made its initial Rule 26 disclosures, and served Jore with its First Set of Interrogatories and its First Request for Production of Documents. Eazypower also filed an Amended Complaint on May 25, asserting a claim of Lanham Act unfair competition based on alleged patent mis-marking as to the accused

Jore Flex-Shaft. Jore answered the Amended Complaint on June 14, and served responses and answers to Eazypower's written discovery on July 1. Jore's production of documents, however, was delayed while the parties worked out a protective order (entered by the Court on July 19). Jore produced certain documents in late July, but did not serve its supplemental document request responses and supplemental "attorney's eyes only" document production until late September. Thus, Eazypower was not able to assess Jore's written discovery responses until just recently, and has now initiated Local Rule 37.2 consultation discussions to resolve what it views as significant written discovery issues. On the other hand, Jore just served Eazypower with its First Set of Interrogatories and First Requests for Production of Documents, which Eazypower is not required to answer until October 24. Finally, on September 27, in accordance with the Scheduling Order (and this Court's September 23, 2005 minute order extending by 12 days this particular deadline), the parties filed their Joint Submission Of Claim Terms Requiring Construction By The Court. Thus, while the parties have advanced the litigation, additional time is required to (1) complete written discovery, and then schedule depositions, which will likely number approximately 10, and (2) undertake claim construction briefing, given that discovery is not complete, new contentions are involved based on Jore's recent communications, and Eazypower's undisclosed patent expert is not available to assist with these aspects of the case. Further, the latest discovery responses from Jore suggest that there may be a significant additional damages element interjected into the case which will likely require third-party discovery, both written and oral, to properly address these issues. When coupled with the circumstances enumerated in paragraph 1 above, and as explained more fully below, these Scheduling Order items cannot reasonably be completed by November 4 and 18 (as to Eazypower).

5. Eazypower currently has pending, in addition to the case at bar, <u>Eazypower v. Alden Corporation</u>, 04 C 3164, pending in the U.S. District Court for the Northern District of Illinois before Judge Denlow (the "Alden Litigation"); and <u>Marshall, O'Toole, Gerstein, Murray & Borun v. Eazypower Corporation and Eazypower Corporation v. Patrick D. Ertel</u>, 98 L 13501, pending in the Circuit Court of Cook County before Judge Bartkowicz, and which is set final for jury trial commencing on January 9, 2006 (the "Marshall, O'Toole Litigation").

6. The undersigned is and has been lead counsel in this case and the Marshall, O'Toole Litigation since inception, but substituted as lead counsel in the Alden Litigation in April. Unfortunately, in the midst of attempting to work on this case, get "up to speed" on the Alden Litigation, and continue to work on the Marshall, O'Toole Litigation, the undersigned and his wife (Marjie) were involved in a serious, near fatal boating accident on the afternoon of June 19, 2005 (Father's Day). The accident rendered Marjie unconscious, not breathing, and without an apparent pulse. After emergency resuscitation, she was hospitalized for days. While Mendelsohn was injured slightly, Marjie had a debilitating concussion that required multiple trips to the hospital, repeated doctors' visits, including for second and third opinions concerning potential neurological damage, and physical therapy. Her need for assistance required Mendelsohn to limit his practice to remain with his wife, particularly as she was suffering from random events of post-concussion syndrome, including sudden loss of consciousness up to four times per day, placing her in serious peril, especially if she were to fall and further injure herself. When coupled with the need to attend to both an 18-month old toddler and a teenage child, the undersigned effectively had to cease working for more than a month, which resulted in serious delays to all cases for which the undersigned is responsible, including this case. The undersigned was unable to resume full duty until, effectively, August 1.

7. While ongoing, expert discovery is still being finalized in the Marshall, O'Toole Litigation, such discovery will extend into mid-November, and trial preparation will consume the entirety of October, November and December 2005, and there is little prospect that the case will be resolved short of trial. The reason for such extensive trial preparation is because the Marshall, O'Toole Litigation involves seven to nine fact witnesses, six to seven retained, controlled expert witnesses, and two non-controlled expert witnesses, and covers events over a five-year period, involving two separate patent prosecutions plus inequitable conduct and an underlying 1996 patent litigation plus issues of professional negligence. Further, while Judge Denlow has granted similar relief in the Alden Litigation, there are certain discovery obligations in that case which require not-insignificant attention in November. When coupled with the undersigned's other work and family obligations (not to mention year-end and holiday interference), there is simply insufficient time to adequately complete the tasks set forth in the Scheduling Order.

8. Additional reasons support this Motion. Eazypower is a small, closely held family business, in the hardware industry, and is run primarily by the principals, Burt and Ira Kozak. Burt and Ira are inextricably involved in its day-to-day operations. Unfortunately, their schedules for the remainder of the year are overbooked, and require them to attend to critical business matters, including, in particular, key trade shows and business meetings, as well as extensive work in assisting counsel in preparing for the Marshall, O'Toole Litigation. Moreover, the strain placed on Burt Kozak in running his family business, coupled with preparation for the Marshall, O'Toole Litigation, makes it physically impossible to effectively devote time to this case and the oral discovery obligations in the Alden Litigation.

9. Finally, there are settlement issues which have just been raised by Jore and to which Eazypower would like to respond, some of which involve new and additional

infringement contentions. Given the scheduling difficulties pointed out above, the need to confer with its out-of-town but unavailable consulting experts, and the Jewish High Holidays, which the undersigned and Eazypower's principals attend, Eazypower will be delayed in responding to the settlement issues and additional infringement contentions and the patent issues now in the case, and will require additional time in which to complete this and the other aspects of this case.

WHEREFORE, for all of these reasons, Eazypower and the undersigned request that the Court extend the dates set forth in the Scheduling Order, so as to allow the undersigned and Eazypower time to complete the Marshall, O'Toole Litigation (and the limited discovery components of the Alden Litigation), and if need be, in a way that will allow the parties to "catch up" and still honor the later deadlines for completion of expert discovery in mid-2006.

Respectfully submitted,

**EAZYPOWER CORPORATION**

By: s/ Frederic A. Mendelsohn
　　 One of Its Attorneys

Frederic A. Mendelsohn (ARDC No. 6193281)
Daniel S. Klapman (ARDC No. 6243250)
Burke, Warren, MacKay & Serritella, P.C.
330 N. Wabash Avenue, 22nd Floor
Chicago, Illinois 60611
312-840-7000
312-840-7900 (fax)
Attorneys for Plaintiff